J-S33021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATH G. QUICK | : | |
| | : | |
| Appellant | : | No. 1694 MDA 2016 |

Appeal from the PCRA Order September 12, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0002037-1999

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 02, 2017**

Heath G. Quick appeals *pro se* from the order entered in the Centre County Court of Common Pleas, dismissing his second Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S. §§ 9541-9546.  Based upon the following, we affirm.

On August 11, 2000, Quick pled guilty to murder of the first degree,[1] and related offenses.  Quick was 20 years old at the time of the incident. The trial court imposed a sentence of life in prison without the possibility of parole on the murder charge.  Quick filed a timely notice of appeal, but later discontinued the appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

On August 27, 2012, Quick filed his first PCRA petition. On February 26, 2013, the PCRA court dismissed the petition as untimely, and this Court affirmed. *Commonwealth v. Quick*, 91 A.3d 1292 [514 MDA 2013] (Pa. Super. 2013) (unpublished memorandum, at 4–5) (noting that because Quick was 20 years at the time of the murder, *Miller v. Alabama*, 132 S.Ct. 2455 (2012) (holding unconstitutional mandatory sentence of life imprisonment without the possibility of parole for defendants under the age of 18 at the time of their crimes) would not apply to satisfy the newly recognized constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii)).

On March 22, 2016,[2] Quick filed this second PCRA petition, and the PCRA court appointed counsel, who filed a *Turner/Finley*[3] no-merit letter. The PCRA court issued Pa.R.Crim.P. 907 notice on August 1, 2016, and by separate order of August 1, 2016, permitted counsel to withdraw. After receiving Quick's response to the Rule 907 notice, the PCRA court dismissed Quick's petition on September 13, 2016. This timely appeal followed.[4]

---

[2] The envelope in which the PCRA petition was mailed is postmarked March 22, 2014. Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison officials for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[4] The record reflects Quick timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283, 1285 (Pa. Super. 2013). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(3). There are three statutory exceptions to the PCRA time bar. 42 Pa.C.S. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Relevant to this appeal, the exception set forth at Section 9545(b)(1)(iii) requires a petitioner to plead and prove "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Here, Quick seeks relief based on two United States Supreme Court decisions: **Miller, supra** (ruling unconstitutional mandatory life without possibility of parole sentences for juvenile offenders), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (filed January 25, 2016) (holding **Miller** applies retroactively to cases on collateral review).[5] Quick asserts the Court's

_____

[5] Quick filed this PCRA petition on March 22, 2016, within 60 days of the **Montgomery** decision. **See** 42 Pa.C.S. § 9545(b)(2); **Commonwealth v.**
*(Footnote Continued Next Page)*

rationales in **Montgomery** and **Miller** should extend to individuals 18 to 25 years of age. However, as Quick correctly recognizes, the holdings of **Montgomery** and **Miller** apply to **juvenile** offenders. Therefore, Quick — who was 20 years old at the time of the murder, and not a juvenile — does not qualify as a beneficiary of the holdings derived from **Miller/Montgomery** to satisfy the new constitutional right exception. **See Commonwealth v. Chambers,** 35 A.3d 34, 42–43 (Pa. Super. 2011) ("[O]nly a precise creation of a constitutional right can afford a petitioner relief. While rationales that support holdings are often used by courts to recognize new rights, this judicial tool is not available to PCRA petitioners." [F]or the purpose of the [§ 9545(b)(1)(iii)] timeliness exception to the PCRA, only the holding of the case is relevant.").

Accordingly, we affirm.

Order affirmed.
Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2017

*(Footnote Continued)* _____

**Secreti**, 134 A.3d 77 (Pa. Super. 2016) (holding date of **Montgomery** decision controls for juveniles who received life without the possibility of parole sentences, for purposes of 60-day rule in Section 9545(b)(2)).